UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN L. SMITH, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO 21-11281-JGD |
| ) | |
| v. ) | |
| ) | |
| MAJOR PETER MONTEIRO, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

September 9, 2021

DEIN, U.S.M.J.

For the reasons set forth below, and because the parties have not yet consented to proceed before a Magistrate Judge, the Court will order that this action be REASSIGNED to a District Judge for further proceedings, and makes RECOMMENDATIONS to the District Judge to whom the case is assigned, as follows.

I.  BACKGROUND

On August 9, 2021, Steven L. Smith ("Smith"), now in custody at the Barnstable County House of Correction, filed a *pro se* complaint.  Docket No. 1.  This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Docket No. 2.

On August 10, 2021, Smith was ordered to either pay the filing fee or file a motion to proceed *in forma pauperis*.  Docket No. 3.  The Procedural Order explained that prisoner plaintiffs such as Smith are not entitled to a complete waiver of the filing fee, notwithstanding *in*

*forma pauperis* status.  *Id.*  Smith was advised that failure to comply may result in the dismissal of this action.  *Id.*

On August 24, 2021, Smith filed a 7-page, handwritten response to the Court's Procedural Order.  Docket No. 4.  He did not pay the filing fee nor submit a motion to proceed *in forma pauperis*.  Instead, Smith explains that the "$400.00 [filing fee] is alot for [Smith to pay] and that he "wish[es] to object to [the] P.L.R.A. and ask[s] how to challenge this 1994 law."  Docket No. 4, p. 1.  Smith further states that he has "an action, Smith vs Lewis [No.] CV 3:20-30173-KAR," and he asks this Court to "review it."  *Id.* at p. 2.  Smith contends that to proceed with the instant action "would cost [Smith] another $400.00 and he would have "little chance to win a dime because [he is] not a lawyer." *Id.* at p. 3.  Smith asks for this action to be returned to him "so that [Smith] may amend it; and insure [that Smith wishes] to proceed."  *Id.* at p. 1.  Smith states that his "lawsuits are not frivolous" *Id.* at p. 3.  Finally, Smith indicates that he would like to pursue claims concerning problems with food quality, law library access and sexual harassment, but he "would owe 1,600.00 in [filing] fees."  *Id.* at p. 4.

II.   DISCUSSION

Although Smith filed a timely response to the Court's Procedural Order, he failed to either pay the filing fee or file a motion to proceed *in forma pauperis*.  He contends that because his claims are not frivolous, the Court should completely waive payment of the filing fee for this action.  However, because Smith is incarcerated, the Court is unable to completely waive payment of the filing fee.  The Court may only waive prepayment of the filing fee, but Smith would still be obligated to make payments from his prison account until the filing fee was paid in

full.[1]  The filing fee provision of the Prison Litigation Reform Act, codified at 28 U.S.C. § 1915(b), has withstood constitutional challenges. *See, e.g., Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997).

To the extent that Smith seeks to have this Court review *Smith v. Lewis*, C.A. No. 20-30173-KAR (pending), this Court is unable to directly review the decisions of United States District Court judges and magistrate judges.  When that action eventually terminates, Smith at that time may wish to file an appeal to the United States Court of Appeals for the First Circuit. *See* 28 U.S.C. § 1291 ("the courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States").

It is a long-established principle that this Court has the authority to dismiss an action *sua sponte* for a party's failure to prosecute his action and his failure to follow the Court's orders. Fed. R. Civ. P. 41(b).  Here, dismissal is appropriate because Smith has not filed a motion for leave to proceed *in forma pauperis* and without plaintiff's active participation, the Court cannot affect the advancement of the case to a resolution on the merits.

III.    ORDER AND RECOMMENDATION

In accordance with the foregoing,  the Court orders as follows:

1.   For the failure to comply with the August 10, 2021 Procedural Order, this Court will direct that the case be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal without prejudice.

---

[1] If Smith sought to proceed *in forma pauperis*, the Court would assess an initial, partial filing fee pursuant to 28 U.S.C. §1915(b)(1), with the remainder of the fee to be collected in accordance with 28 U.S.C. §1915(b)(2).  The Court would also review the complaint to determine whether it satisfies the substantive requirements of 28 U.S.C. §§ 1915, 1915A.

2.      The Court recommends that the District Judge to whom this case is reassigned that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IV.     REVIEW BY DISTRICT JUDGE

Smith is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72.  Smith is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

          SO ORDERED.

           /s/ Judith Gail Dein
          Judith Gail Dein
          U.S. Magistrate Judge